ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

**MEMO ENDORSED**
See last page.

YOAV M. GRIVER
(212) 826-5338
ygriver@zeklaw.com

WWW.ZEKLAW.COM

March 9, 2021

**BY ECF**
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**National Union Fire Ins. Co. ("National Union") v. Wynn Las Vegas,
LLC ("Wynn") and Tutor-Saliba Corporation ("TS"), 1:20-cv-03139-ER**

Dear Judge Ramos:

Pursuant to Rule 2(A)(ii) of Your Honor's Individual Practices, petitioner National Union writes in response to Wynn's March 8, 2021 letter ("Wynn Letter") and also respectfully requests a pre-motion conference so National Union may (i) renew its Request for a TRO and preliminary injunction enjoining Wynn (and TS, if necessary) from further prosecuting the second-filed Nevada Action until completion of the arbitration ordered by his Court on December 23, 2020 (the "Arbitration Order" [SDNY Docket No. 57]), and (ii) clarifying the Arbitration Order. (A copy of the Arbitration Order is attached as **Exhibit 1** for the Court's ready reference.)

**The recent Nevada decision is not res judicata**

Contrary to the Wynn Letter, the recent Nevada decision denying National Union's request for a stay of the Nevada Action under Section 3 of the Federal Arbitration Act is not *res judicata* for several independent reasons. *First*, the Nevada Court's denial is immediately appealable, *see* 9 U.S. C. §16(a)(1)(A); *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009), and thus cannot be a "final decision" for *res judicata* purposes. *Second*, the District of Nevada, the site of a second-filed action, cannot bind this Court, the site of the first-filed action. To the contrary, the Second Circuit has upheld this first-filed court's ability to enjoin the litigation even where, as here, a peer court has held the case should proceed before it, *see, e.g., National Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43, 45-46 (2d Cir. 1961). *Third*, the Nevada decision was not rendered by a "court of competent jurisdiction" as required for *res judicata, see, e.g., Hoffenberg v. Hoffman & Pollok*, 288 F. Supp. 527, 537 (S.D.N.Y. 2003). As part of the Payment Agreement governing this dispute, the parties agreed that "any action or proceeding concerning arbitrability ... may be brought only in a court of competent jurisdiction in the City, County, and State of New York." Payment

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Edgardo Ramos
March 9, 2021
Page 2

Agreement, 2006 Addendum. (A copy of the Payment Agreement is attached as **Exhibit 2** for the Court's ready reference.)

If anything, this Court's Arbitration Order is res judicata here. *See, e.g., Manes Organization, Inc. v. Standard Dyeing and Finishing Co.*, 472 F. Supp. 687, 689-692 (S.D.N.Y. 1979) ((holding stay required under Section 3 of FAA and doctrine of *res judicata* where prior New York court determined arbitrability of claim on motion to compel arbitration). This Court has ruled this is a payment dispute governed by the Payment Agreement and that this payment dispute must be arbitrated pursuant to the Payment Agreement's arbitration clause. Those rulings are binding here and mean that the arbitrators "shall have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability." Payment Agreement (Ex. 2) at 9.

**Renewal of Motion to Enjoin**

On December 4, 2020, the Court denied *without prejudice* National Union's motion to enjoin Wynn from further prosecuting its second-filed Nevada Action. The Court found that "the first-filed rule likely applies to this case" and stated that "plaintiff may renew its motion for preliminary injunction in the event that injunctive relief becomes necessary to ensure this suit's priority." 12/4/20 Tr. at 13:9-14:4 (**Exhibit 3**). That injunctive relief is now necessary.

The recent Nevada decision demonstrates exactly why the first-filed rule exists, and why the Court should clarify its order to make absolutely clear that, as per the Payment Agreement, the entire dispute now rests with the arbitration panel,[1] including (i) arbitrability determinations; and (ii) Wynn's defense that it did not owe National Union the deductible reimbursement monies at issue such that National Union's efforts to collect were made in bad faith.

In its decision, the District of Nevada did not properly consider the Arbitration Order, the Demand for Arbitration, or the Payment Agreement. In its Arbitration Order, this Court held this is a payment dispute where "Wynn asserts that it does not owe that [deductible reimbursement] amount to National Union." Arbitration Order at 9. Whatever the basis of Wynn's assertion that it does not owe those monies, that assertion – the merits of which are to be determined in arbitration – is an absolute prerequisite to any bad faith claim by Wynn. If Wynn owed the amounts National Union sought to collect, Wynn has no bad faith claim. It is not "bad faith" to seek amounts you are owed.

---

[1] National Union and Wynn/TS have each chosen a party-arbitrator and those two party-arbitrators have agreed to choose an umpire from a final list of 4 prospective umpires. That process should be completed, and the panel fully constituted, sometime next week.

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Edgardo Ramos
March 9, 2021
Page 3

Nor is it "extortion" to warn you will look to existing collateral, if necessary, to collect amounts you are owed. Wynn's "bad faith" claim, therefore, depends on what the Arbitration Panel decides. Thus, and contra Wynn and the District of Nevada, the arbitration has a real, material, and potentially conclusive impact on Wynn's bad faith claims, and allowing the Nevada Action to continue risks additional decisions that conflict with what the arbitration panel decides. *See, e.g., Pem Am., Inc. v. Lambert*, No. 03 Civ. 3706 (JFK), 2003 U.S. Dist. LEXIS 18511, *6 (S.D.N.Y. Oct. 17, 2003) (first-to-file rule "conserves judicial resources, avoids duplicative or conflicting results and fosters a comprehensive disposition").

Likewise, the Demand for Arbitration from National Union, which this Court has enforced, demanded that the Parties arbitrate all "DISPUTES asserted by respondent Wynn," Demand at p. 4 (relevant parts attached as **Exhibit 4**). The DISPUTES expressly include the Continental claim, the Gordon claim, and Wynn's accusation that National Union was acting in bad faith under Nevada law. *See id.* at 4-5 and Ex. B thereto. Beyond this language and letter, National Union's Demand also raises National Union's good faith (or lack of bad faith) in its "Relief Requested." *Id.* at 3-4.

Finally, the Payment Agreement vests "exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability" with the arbitration panel (Payment Agreement at 8-9), and requires that "any [court] action or proceeding concerning arbitrability … may be brought only" before this Court. *Id.* at 2016 Addendum. For all these reasons, the Court must ensure the priority of this suit and the Court's decisions herein by clarifying its Arbitration Order in light of the Nevada decision, and enjoining Wynn from proceeding with its Nevada Action until the arbitration is complete.

We thank the Court for its timely and continued attention to this matter.

Respectfully submitted,

Yoav M. Griver
Attorney for petitioner National Union

YMG:mtf
Exhibits 1-4

cc: All Attorneys of Record (by ECF)

A telephonic conference will be held on April 9, 2021 at 10:00 a.m. regarding National Union's requests. The parties are directed to call (877) 411-9748 at that time and enter access code 3029857, followed by the pound (#) sign when prompted. National Union is directed to file its brief in support of its motion by Friday, March 19, 2021, and Wynn is directed to file its opposition by Friday, March 26, 2021. The Clerk of Court is respectfully directed to terminate the motions. Docs. 58 and 61. So ordered.

Edgardo Ramos, U.S.D.J
Dated: 3/12/2021
New York, New York